TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00545-CR






Andrew Lee Bailey, Sr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 03-1062-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Andrew Lee Bailey, Sr., guilty of murder and assessed
punishment at seventy years' imprisonment. His court-appointed attorney filed a brief concluding
that the appeal is frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim.
App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief urging that the evidence is legally and factually
insufficient to sustain the conviction. More specifically, appellant argues that the State did not
disprove his self-defense claim.


Appellant testified that he and the deceased, Randy Coulter, were involved in an
altercation arising out of a dice game several months before the fatal shooting. Thereafter, the two
men would exchange insults and threats whenever they encountered each other. On the night in
question, appellant and Coulter got into a fist fight at a party. Other people at the party broke up the
fight and Coulter left. Later that night, appellant drove to a convenience store to buy cigarettes
where he again encountered Coulter. According to appellant, Coulter began to shout curses at him. 
Appellant said he became angry and, before stepping out of his truck, retrieved the pistol he kept
there. Asked why he did not "just get back in [his] truck and go home," appellant said, "I guess
because I was angry, upset." Appellant and Coulter approached each other on foot. When they were
about a car length apart, Coulter said, "Come on, bring it." When Coulter continued to walk toward
him, appellant shot Coulter four times. Appellant explained that he shot Coulter because "I knew
in my mind I couldn't handle him hand-to-hand. I was scared." There is no evidence that Coulter
was armed.

The use of force in self-defense is not justified in response to verbal provocation
alone. Tex. Pen. Code Ann. § 9.31(b)(1) (West 2003). Even when the use of force is justified,
deadly force may be used only if a reasonable person in the actor's position would not have retreated
and if the actor reasonably believed that the deadly force was immediately necessary to protect
himself against the other's used or attempted use of deadly force. Id. § 9.32(a)(2), (3)(A). Applying
the appropriate standards of review, we hold that the evidence was both legally and factually
sufficient to support the jury's implicit finding that appellant's conduct was not justified by self-defense. See Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (legal sufficiency);
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). 

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal.

The judgment of conviction is affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: August 10, 2005

Do Not Publish